### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CORDELL MOODY,** : | |
|     Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 22-CV-4073** |
| : | |
| **J. LAWSON,** *et al.* : | |
|     Defendants. : | |

### MEMORANDUM

**KENNEY, J.**                                                                                       **DECEMBER 7th, 2022**

      *Pro se* Plaintiff Cordell Moody, a regular litigant in the federal court system[1], filed a civil action claiming that "J. Lawson of Colonial Penn Life [Insurance Company]" violated his civil rights by falsely advertising life insurance policies on national television. (ECF No. 2 at 2, 4.) Moody also filed a Motion to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Moody leave to proceed *in forma pauperis* and dismiss his Complaint in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and in part for lack of subject matter jurisdiction.

---

[1] Public records indicate that Moody has previously filed a number of lawsuits in the United States District Court for the Eastern District of Texas. *See Moody v. McKnight*, No. 21-362, 2021 WL 4708095, at *1 (E.D. Tex. Sept. 20, 2021) (listing cases), *appeal dismissed*, No. 21-40745, 2021 WL 7908188 (5th Cir. Nov. 23, 2021). Some of these lawsuits resulted in sanctions against Moody. *See, e.g., Moody v. Rasberry, et al.*, No. 10-0007, Docket No. 12 (Moody is "prohibited from proceeding with any civil action in this court . . . . unless he obtains from a district judge of this court leave to proceed in this court."); *Moody v. Jones*, No. 09-0183, Docket No. 7 (Moody is "prohibited from proceeding with any civil action in this Court until all sanctions imposed against him have been satisfied.").

I.      **FACTUAL ALLEGATIONS**

The allegations in Moody's Complaint are sparse. He claims that Defendant J. Lawson of Colonial Penn Life Insurance falsely advertised "on national television" the sale of life insurance policies at the cost of "$9.95" per month. (Compl. at 4.) According to Moody, despite the advertisement, Lawson "directed" Moody to pay "$161.00 and some cent[s]" instead of the $9.95 advertised rate. (*Id.*) Moody alleges that this "false" advertising and "false documentation" violated his constitutional rights. (*Id*. at 3.) He seeks "$150.00 in punitive damages . . . [a]nd all other damages maybe entitled." (*Id*. at 4.)

II.     **STANDARD OF REVIEW**

The Court grants Moody leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, . . . contains facts sufficient to state a plausible [] claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (internal quotations omitted). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Moody is proceeding

*pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III. DISCUSSION

#### A. Section 1983 Claims

Moody brings claims pursuant to 42 U.S.C. § 1983 based on Lawson's participation in national television advertisements for Colonial Penn Life Insurance.  (Compl. at 3-4.)  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).

Moody provides no facts that suggest Lawson is a state actor rather than a private actor employed by a private company.  The Complaint does not allege facts to support an inference

that there is a "close nexus" between the private business conduct of Lawson and the state itself such that the challenged actions can fairly be treated as that of the state. *See id.* Moody also fails to allege that Lawson has any connection to a state, county, or local government entity, and none of Moody's allegations suggest that Lawson was operating as anything other than a private actor. The Complaint only identifies Lawson as operating on behalf of Colonial Penn Life Insurance, and courts have routinely found that insurance companies are not state actors for purposes of § 1983. *See Leach v. City of Philadelphia*, No. 22-1451, 2022 WL 1488557, at *2 (E.D. Pa. May 11, 2022); *see also Hamer v. Wellpath*, No. 22- 12500, 2022 WL 16744370, at *3 (E.D. Mich. Nov. 7, 2022) (insurance company is not a state actor that may be sued for constitutional violations under § 1983); *Peterec-Tolino v. Ace Am. Ins. Co.*, No. 20-5354, 2020 WL 5211045, at *4-5 (S.D.N.Y. Aug. 28, 2020) (same). Accordingly, any claims Moody seeks to bring under § 1983 against Lawson will be dismissed with prejudice for failure to state a claim. Moody will not be granted leave to amend on this issue as any attempt to amend would be futile.

### B. State Law Claims

Recognizing Moody's *pro se* status, the Court also considers whether Moody intended to bring an unspecified false advertising claim under Pennsylvania law. However, there is no independent basis for the Court's jurisdiction over any such claims.[2] District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete

---

[2] Because the Court has dismissed Moody's federal claim, the Court will not exercise supplemental jurisdiction over any state law claims.

diversity between all plaintiffs and all defendants,'" which means that "unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Moody does not adequately allege either his own citizenship or the citizenship of Lawson. With respect to his own citizenship, Moody only sets forth his name and provides an address in Texas. (ECF No. 2 at 1.) Moody provides no details with respect to Lawson's citizenship. As such, Moody has not provided sufficient information from which the Court can determine Moody or Lawson's citizenship for purposes of diversity.

Moody also has not alleged the necessary amount in controversy for bringing diversity jurisdiction claims. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Gp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). Here, Moody claims to have been charged $161.00 instead of $9.95, resulting in actual loss of $151.50. Even assuming the additional $150.00 Moody seeks in punitive damages, Moody's loss would be far less than the $75,000.00 threshold required to

establish diversity jurisdiction.  *See Latzanich v. Sears, Roebuck & Co.*, No. 3:15-2346, 2016 WL 749055, at *1 (M.D. Pa. Jan. 25, 2016), *report and recommendation adopted*, No. 3:15-2346, 2016 WL 727776 (M.D. Pa. Feb. 24, 2016) (remanding lawsuit involving $228.98 lawn mower to state court.)  Accordingly, Moody has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law claim.

IV.    CONCLUSION

For the foregoing reasons, the Court will grant Moody leave to proceed *in forma pauperis* and dismiss his § 1983 claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Moody's state law claim will be dismissed without prejudice for lack of subject matter jurisdiction.  Leave to amend will not be given as any attempt to amend would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An Order follows, which dismisses the case.

**BY THE COURT:**

**s/ Chad F. Kenney**
_____
**CHAD F. KENNEY, J.**